## 11654

### LITTLE *ET AL.* v. VENEER MFG. CO.

#### (126 S. E., 42)

1. CORPORATIONS—SECRETARY, AUTHORIZED TO MAKE CONTRACT FOR PURCHASE OF LUMBER, COULD EXTEND PERIOD FOR DELIVERY.—Secretary, who had authority from corporation to enter into contract for purchase of lumber, was authorized to extend period for delivery for corporation's benefit.

2. SALES—ACCEPTANCE AND PAYMENT PRECLUDES BUYER FROM RECOVERING DAMAGES FOR FAILURE OF LUMBER TO CONFORM TO SPECIFICATIONS.—Buyer, having accepted and paid full contract price of lumber, could not recover damages on theory that lumber failed to conform to specifications.

3. SALES—SELLER ENTITLED TO DAMAGES SUSTAINED ON RESALE, WHERE ONLY REASON FOR REJECTION WAS DIFFERENCE BETWEEN CONTRACT AND MARKET PRICES.—Where buyer extended time for delivery of lumber and, on delivery thereof, declined without inspection, or objection to quality, to receive lumber purely on the ground that the contract price was more than the market price, seller was entitled to damages sustained on resale of lumber at less than contract price.

Before TOWNSEND, J., Horry, 1924.   Affirmed.

Action by J. W. Little and M. G. Anderson, partners as J. W. Little & Co., against Veneer Manufacturing Company.

From judgment on a directed verdict for plaintiffs, the defendant appeals.

*Mr. H. H. Woodward,* for appellant, cites: *Officer has no power to make contracts for corporation unless authorized:* 2 Cook, Corporations, Sec. 717, p. 1782; 100 S. C., 1; 7 R. C. L., 630. *What amounts to acceptance of goods bought:* 122 S. C., 484.

*Messrs. Sherwood & McMillan,* for respondent, cite: *Acceptance:* 122 S. C., 490.

January 7, 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $933.41, balance alleged to be due upon a contract for the sale of lumber by the plaintiffs to the defendant. Upon the trial the Circuit Judge directed a verdict in favor of the plaintiffs for the full amount claimed. The defendant has appealed.

It appears that on March 11, 1920, the parties entered into a written contract for the sale and purchase of 600,000 feet of pine and poplar lumber at $35 per M feet, board measure f. o. b. cars at Horry, S. C. The specifications called for lumber well manufactured, 1 inch thick, 4 to 12 inches wide, stock lengths; and as it was expected by the buyer to use the lumber for making 2-inch battens for packing cases, "to rip advantageously must have as many stock widths as possible." The grade of the lumber was to be "log run pine and poplar, sound red heart and up, and dried sufficiently to dress and use for battens when shipped." The shipments were "to be made during the current year and to begin as soon as you have lumber dry enough; piece tally to accompany each shipment."

During the year 1920 the plaintiff delivered to the defendant under said contract 552,870 feet of lumber, invoiced as per contract at $19,350.45, upon which, up to

February 24, 1921, the plaintiffs had received from the defendant $17,975, leaving a balance unpaid of $1,375.45.

In December, 1920, the plaintiffs having delivered all of the 600,000 feet except 47,130 feet, and being ready to deliver that during the month of December, at the specific request of the defendant and for its convenience, it was agreed between them that said balance of 47,130 feet might be delivered under the contract in January, 1921. Accordingly, during the month of January, 1921, the plaintiffs tendered to the defendant three cars of lumber containing 47,130 feet. The defendant refused to receive them, giving as their reason therefor that the price of lumber had declined, and offering to pay for 500,000 feet at the contract price and for 100,000 feet at the market price. Thereupon the plaintiffs sold the 47,130 feet tendered in January, 1921, at the highest market price offered, for the account of the defendant, for the net sum of $716.14. The invoice value of the 47,130 feet at the contract price was $1,649.55, and deducting the proceeds of sale, $716.14, left a balance of $933.41, which the plaintiffs claim.

On February 24, 1921, the plaintiffs entered suit for the balance, $1,375.45, due upon the deliveries made in 1920 and for the $933.41 due on the lumber tendered and refused in 1921, a total of $2,308.86.

The filing of an answer to the complaint in this suit was delayed by agreement between the attorneys, and on April 14, 1921, the defendant paid to the plaintiffs $1,375.45, the amount due upon the deliveries made in 1920, leaving open the question of the defendant's liability for $933.41, alleged to be due on the lumber tendered and refused in 1921; the receipt stating:

"It is understood and agreed that the acceptance of this sum will withdraw from the consideration of the Court claim for balance due on all lumber delivered to the said Veneer Manufacturing Company before January, 1921; this check being settlement in full for all lumber delivered prior to that date."

Thereupon the plaintiffs served an amended complaint in which the balance of $1,375.45 on account of deliveries made in 1920 was omitted, and the cause of action was limited to the claim of $933.41 on account of the lumber tendered and refused in January, 1921.

To this amended complaint the defendants made answer, admitting the formal allegations, and denying all others. It also set up a counterclaim for $3,000 damages on account of the alleged breach of the plaintiff's contract to deliver lumber of the specified character. The counterclaim had reference only to the lumber delivered in 1920, which, as has been seen, had been fully settled for.

At the close of the evidence for the plaintiffs, the defendant moved for a nonsuit upon the ground that the secondary contract dated December 18, 1920, was executed only by the secretary of the Veneer Manufacturing Company, and that he had no authority to bind the company. This motion was refused, and the refusal is made a ground of exception.

There was no controversy as to the authority of the secretary to make the original contract of March 11, 1920. The defendant accepted the benefits of it and paid every dollar claimed. The whole quantity, 600,000 feet of lumber, would have been delivered in December but for the insistence of the defendant for its convenience that a part of it be delivered in January, 1921. No reason has been suggested, and we see none why, if the company acknowledged the authority of the secretary to make the original contract, the secretary did not have the authority for the benefit of the company to have the contract extended.

As to the defendant's contention that the alleged damages resulting from the breach of the contract in delivering a quantity of lumber not conforming to the specifications should have been submitted to the jury: The counterclaim in which these damages was set up ap-

plied solely to the lumber which had been delivered, accepted, and paid for in 1920, a matter concluded by such conduct on the part of the defendant. *Southern Coal Co. v. Rice,* 122 S. C., 490; 115 S. E., 815.

At the close of all the evidence the plaintiffs moved for a directed verdict, so far as the loss on the three cars of lumber tendered and refused was concerned. The motion was granted upon the grounds stated by the Circuit Judge in these words:

"I do not think there is anything to go to the jury. It appears that the contract called for the shipment of 600,-000 feet, and the time for the delivery of the balance of the lumber due under the contract was extended by the defendant so as to allow delivery in 1921, and the balance of the lumber due on the contract was then tendered, and, without inspecting the lumber tendered or raising any objection to the quality of the lumber, the defendant declined to receive it, the only reason assigned by the defendant being that given in its letter of January 10, which was a market price less than the contract price."

This conclusion meets with our entire approval.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.